**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



March 30, 2023

**VIA CM/ECF**

    Re:    *Start Man Furniture, LLC., et al.,* No. 20-10553; Adv. Proc. Nos. 22-50317, 22-50319, 22-50320, 22-50322, 22-50323, 22-50324, 22-50325, 22-50326, 22-50328, 22-50330, 22-50337, 22-50338, 22-50339

Dear Counsel:

    The debtors in these bankruptcy cases were franchisors of a nationally recognized chain of home furnishing stores.[1] Debtors entered into various franchise agreements under which the debtors, among other things, authorized franchisees to operate furniture stores using debtor Art Van Furniture's trademark. In return, franchisees were expected to pay certain royalties and fees to the debtors.[2] Each defendant in these adversary proceedings was a franchisee under such an agreement. The plaintiff in these actions, the chapter 7 trustee appointed in these bankruptcy cases, asserts that defendants failed to pay for merchandise delivered by the debtor. The complaint further alleges that the defendants owe the estate for royalty fees due under the contract. Plaintiff seeks to recover these amounts in damages on claims of breach of contract, turnover, and related theories. Defendants assert that these claims are barred by the franchise agreements as untimely and should therefore be

---

[1] D.I. 1. ¶¶ 9-10. Citations in this letter to docket items refer to the docket for the adversary proceeding captioned *Giuliano v. American Home Furnishings*, Bankr. D. Del. No. 22-50317. The trustee filed substantially similar complaints in each of the above-referenced adversary proceedings. Because the briefing on the motions to dismiss each of these complaints was substantially the same, this letter ruling addresses the issue at it applies to all of the pending cases. The citations to the pleadings in the *American Home Furnishings* adversary is simply for the sake of simplicity.

[2] *Id.* ¶¶ 13-14.

dismissed. For the reasons laid out below, the Court will dismiss these complaints without prejudice.[3]

## Factual and Procedural Background

Prior to the petition date, the defendants in the above-referenced adversary proceedings entered into franchise agreements with debtor Art Van Furniture Franchising, LLC ("AVF"). Plaintiff has attached a copy of these agreements to each of the complaints. Pursuant to these agreements, the defendants were obligated to pay AVF weekly royalties of 5% on gross sales.[4] Failure to make these payments would be a material breach, authorizing AVF to terminate the franchise agreement.[5]

On March 8, 2020, the debtors filed for chapter 11 bankruptcy protection. On April 6, 2020, the Court converted this case into one under chapter 7, upon which Alfred T. Giuliano[6] was appointed as the chapter 7 trustee. In that capacity, the trustee initiated the above-captioned adversary proceedings, alleging that the defendants failed to make various royalty payments and that they have yet to pay for merchandise purchased from AVF.[7] The trustee seeks to recover damages for breach of contract, turnover of estate property in the amount owed under the franchise agreements, damages for goods sold and delivered, and declaratory judgment that the defendants have waived the rights to setoff or recoupment.[8] The amounts allegedly owed by each defendant under the franchise agreements vary, but the trustee relies on – and has attached to each of the complaints – several invoices evidencing the allegedly unpaid balances. The invoices attached to the complaints refer to amounts due between 2019-2020.

Defendants all move to dismiss the complaints on the grounds that the trustee is time-barred from pursuing these claims under the terms of the franchise agreements. Defendants argue that § 16.8 of the franchise agreements bars all claims arising out of the contracts if the party asserting the claim failed to bring it within one year from the date the party knew or should have known about the facts giving rise to the claim.[9] According to the defendants, that period expired sometime between

---

[3] The Court is aware that these motions were pending for longer than is typical in matters before this Court. The Court apologizes for the delay in resolving these motions.

[4] D.I. 1, Ex. A, Franchise Agreement § 4.2.

[5] Franchise Agreement § 14.4.

[6] Alfred T. Giuliano is herein referred to as the "trustee."

[7] D.I. 1 ¶ 14.

[8] *Id.* ¶¶ 17-44.

[9] D.I. 6 at 3.

February and March 2021; these claims were brought in May 2022. Additionally, while defendants acknowledge that 11 U.S.C. § 108(a) extends the period by which the trustee may bring a prepetition claim in certain circumstances, defendants argue that that period had also expired when these complaints were filed. In response, the trustee argues that a timeliness defense is not appropriately considered at the motion to dismiss stage, but that even if the Court were to consider it, there remains a factual dispute over when the debtor knew or should have known that the defendants were in default.[10] Specifically, the trustee alleges that while defendants continued to operate following the conversion date, it is unclear whether defendants conducted business during that period using the debtors' trademark. If so, the trustee argues that there may be additional breaches that occurred post-conversion. The trustee seeks discovery to determine the extent of these potential breaches, as well as whether the limitations period contained in the franchise agreements applies to them.

## Jurisdiction

The district court has jurisdiction over this action under 28 U.S.C. § 1334(b), as the claims asserted herein fall within the "related to" jurisdiction set forth therein. The proceeding has been referred to this Court under 28 U.S.C. § 157(a) and the district court's standing order of reference.[11]

## Analysis

"A motion to dismiss is an attack on the sufficiency of the allegations in a complaint."[12] In order to survive a motion to dismiss, a complaint must contain "sufficient facts to nudge the claims across the line from conceivable to plausible."[13] When considering a motion to dismiss, the Court must take all facts as true and draw all reasonable inferences from well-pleaded facts in favor of the non-moving party.[14] Under the Third Circuit's directive, this Court's analysis of defendants' motion to dismiss is governed by a three-step process: First, the Court must identify the elements of the claims alleged in the complaint. Second, the complaint must be stripped of legal conclusions so that only well-pleaded facts remain. Finally, the

---

[10] D.I. 10 at 4-5.

[11] Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated Feb. 29, 2012.

[12] *In re Nobilis Health Corp.*, No. 19-12264 (CTG), 2022 Bankr. LEXIS 2057 at *9 (Bankr. D. Del. July 27, 2022).

[13] *Superior Silica Sands LLC v. Iron Mountain Trap Rock Co.*, No. 20-51052 (KBO), 2021 Bankr. LEXIS 2361 at *7 (Bankr. D. Del. Aug. 26, 2021) (internal quotations omitted).

[14] *Bohus v. Restaurant.com Inc.*, 784 F.3d 918, 921 n.1 (3d Cir. 2015).

Court must decide whether, accepting those facts as true and viewing the complaint in the light most favorable to the trustee, the complaint is plausible on its face.[15]

### Where the applicability of the defense is apparent from the face of the complaint (or materials attached thereto), a court may consider a limitations defense at the motion to dismiss stage.

The trustee argues that a limitations defense is unavailable at the motion to dismiss stage. Specifically, the trustee maintains that because the untimeliness of an action is an affirmative defense, and because affirmative defenses generally cannot be raised at the motion to dismiss stage, the defendants' motion must be denied.[16]

The trustee is generally correct that an assertion that a complaint is time barred is an affirmative defense and that such affirmative defenses are usually inappropriate at the motion to dismiss stage. But Third Circuit precedent makes clear that, in certain cases, a court may properly consider a statute of limitations defense in connection with a 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[17] It must be clear from the complaint, however, that the claim should be disallowed as untimely. In other words, "[t]he time bar must be evident on the face of the complaint for the complaint to create a basis for dismissal."[18]

The trustee's complaint alone does not, on its face, create a basis for dismissal because the complaint makes no mention of the one-year limitations period set out in the franchise agreement. Indeed, one cannot even determine the date of the alleged breaches from the complaint itself. Courts, however, are not limited to the four corners of the complaint when considering a motion to dismiss. Rather Federal Rule of Civil Procedure 10(c) states that a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."[19] In view of this Rule, courts are authorized to consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[20] Courts may also consider

---

[15] *Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*, 879 F.3d 79, 83 n.6 (3d Cir. 2018).

[16] D.I. 10 at 3. *See also, In re Pitt Penn Holding Co.*, 2011 Bankr. LEXIS 5542 at *5 (Bankr D. Del. Nov. 28, 2011) (noting that a statute of limitations defense is generally unavailable as an affirmative defense at the motion to dismiss stage).

[17] *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotations omitted).

[18] *Perelman v. Perelman*, 545 Fed. Appx. 142, 149 (3d Cir. 2013).

[19] *See* Fed. R. Civ. P. 10(c); Fed. R. Bankr. P. 7010 (making Civil Rule 10 applicable in adversary proceedings).

[20] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Start Man Furniture, LLC, et al.,* No. 20-10553
March 30, 2023
Page 5 of 6

documents extraneous to the pleadings if such documents are "integral to or explicitly relied upon in the complaint."[21] In this case, the trustee has attached both the franchise agreement and the various invoices sent to defendants as Exhibit A and Exhibit B to the complaint, respectively. Because the plaintiff has included and explicitly relies on these exhibits, the Court may properly consider both attachments as part of the complaint.

The two critical facts necessary to demonstrate the applicability of the limitations defense are all apparent from those attachments. *First*, as shown in Exhibit B, the trustee seeks to recover unpaid balances invoiced between February 2019 and March 2020.[22] *Second*, the franchise agreement, which is attached as Exhibit A, creates the obligation which the trustee relies on to show a breach, but it also places a deadline by which claims must be brought.[23] Section 16.8 of the franchise agreement provides that a party must bring a claim within one year from the date such party knew or should have known of facts creating the claim. The invoices provided by the trustee show that the debtors were aware of these unpaid accounts as early as 2019, but did not file a complaint until May 2022.

Defendants correctly point out that 11 U.S.C. § 108(a) extends the period by which the debtor may bring a claim if the statute of limitations on that claim had not run prior to the petition date. Under this section, the debtors (and, by extension, the trustee) would have had until two years after the petition date to initiate this claim. As noted above, the debtors filed for bankruptcy on March 8, 2020, giving the trustee an outside date of March 8, 2022 to file this complaint; the complaint was filed in May 2022. Because it is clear from the complaint – which incorporates the attached exhibits – that the trustee's claims are untimely, the defendants' timeliness defense is properly considered at this stage and the trustee's claims should be dismissed as time-barred.

The Court is aware that the trustee believes that there remains a factual dispute as to whether the defendants continued to breach the franchise agreements after the conversion date by using the debtors' trademark and, if so, when those breaches occurred. That dispute, however, is not before the Court today. Fairly read, the only amounts the trustee's complaint seeks to recover are amounts shown on the invoices attached as Exhibit B to the trustee's complaints. If the trustee seeks to assert a claim alleging that the defendants breached the franchise agreements post-

---

[21] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).

[22] D.I. 1, Ex. B.

[23] D.I. 1, Ex. A.

*In re Start Man Furniture, LLC, et al.,* No. 20-10553
March 30, 2023
Page 6 of 6

conversion, the trustee may do so. All parties' rights in that regard are preserved. These claims, however, will be dismissed without prejudice.

## Conclusion

     For the reasons set forth above, the defendants' motion to dismiss will be granted without prejudice. The parties are directed to settle appropriate orders, under certification of counsel, that may be entered in each of the adversary proceedings to which this letter ruling applies.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge